UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BRADLEY J STONE** | **CASE NO.  2:20-CV-00632** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **KAEFER L L C** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Motion for Partial Dismissal" (Rec. 11) wherein Defendant Kaefer, LLC ("Kaefer") moves to dismiss Plaintiff's claims for fraud under Louisiana Civil Code article 1953 and detrimental reliance under Louisiana Civil Code article 1967. Kaefer maintains that these claims are prescribed.

## FACTUAL ALLEGATIONS

Plaintiff alleges the following in his Petition for Damages.[1] Plaintiff Bradley Stone, an Australian citizen, had been employed by Defendant, Kaefer, LLC at various facilities for over twelve (12) years.  Mr. Stone came to the United States on a two (2) year E-3 Nonimmigrant Visa to assume the position of Cryogenic Insulation Supervisor and/or Superintendent for Kaefer at the Cameron LNG facility located in Hackberry, Louisiana.

Prior to his move to fill his position at the LNG facility, Mr. Stone alleges that he and Kaefer agreed to an annual salary of $160,000 in exchange for his services at the LNG facility. On August 16, 2018, immediately prior to arrival to the United States, and after Mr. Stone had made significant arrangements to relocate himself and his family, Kaefer

---

[1] Rec. 1-1.

required Mr. Stone to execute a written employment contract to memorialize the terms of their agreement. Mr. Stone alleges that the written employment contract indicated an annual base salary of only $120,000. However, because he had already expended significant time and resources to relocate his entire family from Australia to Sulphur, Louisiana, Mr. Stone alleges he was compelled to sign the agreement. Mr. Stone alleges that had he not signed the employment contract he would have been fired.

Mr. Stone commenced employment with Kaefer on August 30, 2018; he was asked to return to Australia on December 28, 2018, but returned to the United States on January 23, 2019. Mr. Stone was unexpectedly terminated on July 5, 2019. Mr. Kaefer complains that Kaefer failed to compensate him for the $160,000 annual salary they orally agreed upon.

## **LAW AND ANALYSIS**

Kaefer maintains that Mr. Stone's claims for fraud and detrimental reliance are prescribed based on the allegations in his Petition for Damages. Kaefer argues that both claims are subject to a one-year liberative prescriptive period. Kaefer notes that in his Petition, Mr. Stone alleges that Kaefer's fraud induced him to move to the United States in 2018, when he and Kaefer agreed that he would be paid an annual salary of $160,000. In August 2018,[2] Mr. Stone alleges he was forced to sign a written employment contract which was $40,000 less than what he had previously agreed. He also alleges that he complained in writing to his employer on October 18, 2018, about his concerns of being

---

[2] Mr. Stone alleges in his Petition that he relocated his family to the United States on or about August 17, 2018; the employment contract was dated August 16, 2018. Rec. 1-1, Petition for Damages, ¶¶ 12 and 13.

underpaid. Mr. Stone filed the instant lawsuit on April 22, 2020. Thus, Kaefer contends that these claims are prescribed because they were filed after the one-year prescriptive period.

Mr. Stone contends that because his claims of fraud and detrimental reliance are contractual in nature, the ten-year prescriptive period applies and therefore, the claims are not prescribed.

Liberative prescription is a mode of barring actions as a result of inaction for a period of time. Louisiana Civil Code article 3447. The fundamental purpose of prescription statutes is to afford a defendant economic and psychological security if no claim is timely made and to protect him from stale claims and the loss of non-preservation of relevant proof. *Giroir v. South Louisiana Medical Center, Div. of Hospitals,* 475 So.2d 140, 145 (La. 1985). "The running of a prescriptive period is triggered when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *In re Med. Review Panel of Lafayette,* 860 So.2d 86, 89 (La.App. 5th Cir. 2003). "Ordinarily, the party pleading the exception of prescription bears the burden of proving the claim has prescribed. However, when the face of the petition reveals that the plaintiff's claims have prescribed, the burden shifts to the plaintiff to show why the claim has not prescribed." *Hogg v. Chevron USA,* 45 So.3d 991 (La. 2010).

When courts review a peremptory exception of prescription, they examine all the possible constructions of a prescriptive statute, and courts strictly construe the statues against prescription and in favor of the claim. *Brees v. Houser,* 2014 Dist. LEXIS 98624 * 7 (E.D. La. 2014) (citing *Ames v. Ohle,* 97 So.3d 386, 390 (La.App. 4 Cir. 5/23/12),

*decision clarified on reh'g* (July 11, 2012), *reh'g denied* (July 11, 2012), *writ denied,* 100 So.3d 837 (La. 11/9/12)(citations omitted). The nature of a cause of action, as described in the pleadings, determines which prescriptive period applies. *Id.*

The Court must determine whether Mr. Stone's causes of action (fraud and detrimental reliance) are viewed as contractual in nature and thus governed by the ten-year prescriptive period, or delictual in nature, and therefore governed by a one-year prescriptive period. *Trinity Universal Ins. Co. v. Horton,* 756 So.2d 637, 638 (La.App. 2 Cir. 2000).

In order to establish whether a claim arises out of a personal action with a ten-year prescriptive period or a delictual action with a one-year prescriptive period, the court looks to the nature of the duty that was violated; in other words, to the character of the action disclosed in the pleadings. *Strahan v. Sabine Ret. & Rehab. Ctr., Inc.,* 981 So.2d 287, 291 (La.App. 3 Cir. 2008); *Keenan v. Donaldson Lufkin & Jenrette, Inc.*, 575 F.3d 483, 487-88 (La.App. 2d 2007), 957 So.2d 911, *writ denied,* 964 So.2d 946 (La. 2007) citing *Starns v. Emmons,* 538 So.2d 275 (La. 1989). The classic distinction between damages *ex contractu* and damages *ex delicto* is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons. *Trinity Universal Ins. Co.,* 756 So.2d at 638. The same actions or omissions may constitute breaches of general duties as well as contractual duties, giving rise to causes of actions in tort and contracts. *In re St. Louis Encephalitis Outbreak in Ouachita Parish,* 939 So.2d 563, (La.App. 2d Cir 2006), *writ denied,* 945 So.2d 694 (La. 2006). It is the duty breached which determines whether an action is in tort

or contract. *Terrebone Parish School Bd. v. Mobil Oil Corp.,* 310 F.3d 870 (5th Cir. 2002). To be clear, in order for the ten (10) year prescriptive period to apply, Mr. Stone must prove that Kaefer breached some contractual duty above and beyond a general duty. *Certain Underwriters at Lloyd's v. Sea-Lar,*787 So.2d 1069, 1075 (La.App. 4th Cir. 2001).

In *Ames, supra*, a financial planner employed by a bank was appointed as a trustee of his client's account. The plaintiff alleged the financial planner mishandled funds from the trust, and fraudulently and knowingly represented to the clients that he did not receive any funds taken from the trust. The appellate court found that because the plaintiff alleged that a fiduciary engaged in intentional fraudulent conduct, the fraud claim was personal and subject to a ten-year prescriptive period.

In *Shermohmad v. Ebrahimi,*945 So.2d 119 (La.App. 5th Cir. 2006), the Fifth Circuit found that the fraudulent misrepresentation of premiums to sell life insurance policies was subject to the one-year prescriptive period pursuant to Louisiana Civil Code article 3492. In *Allstate Ins. Co. v. Cmty. Health Ctr.,* 2014 U.S.Dist. LEXIS 58956, at * 24 (M.D. La. 2014), *rev'd on different grounds,* 605 F.App'x 269 (5th Cir. 2015)), the Fifth Circuit noted that contractual claims leverage special duties owed by virtue of the contractual relationship; failure to claim that a special duty exists, results in a cause of action being *ex contractual* as opposed to *contractual.*

In *Breckstrom v. Parnell,* 714 So.2d 188 (La.App.1st Cir. 1998), *on reh'g,* 730 So.2d 942, 947 (La.App. 1st Cir. 1998), the Louisiana First Circuit Court of Appeals provides us some instruction as follows:

> A suit for breach of fiduciary duty is generally a personal action with a ten-year prescriptive period. However, courts must consider the underlying claim to determine if the action is indeed one for breach of fiduciary duty which is governed by the ten-year prescriptive period or merely a suit against a fiduciary for negligence which is governed by the one-year prescriptive period. (internal citations omitted).

Thus, Mr. Stone argues that the Court can infer that a fiduciary's simple negligence should be treated as an offense subject to a one-year prescriptive period, while deliberate actions, such as fraud, misrepresentation or conversion would be subject to the ten-year prescription period. Mr. Stone contends that the alleged misrepresentations made by his employer regarding his salary arose only from the special obligations imposed by the mutual contractual agreement because there is no general duty to the public to pay Plaintiff a set salary. Mr. Stone asserts that Defendants overlook the Civil Code's discussion of fraud as a vice of consent in the formation of the contract. Louisiana Civil Code Annotated articles 1948 and 1953. See *Tealwood Props., LLC v. Graves,* 64 So.3d 397, n.3. (La.App. 2d Cir. 2011 (citing *Griffin v. BSFI Western E & P, Inc.,* 812 So.3d 726, 734 (La.App. 1st Cir. 2002). Louisiana Civil Code article 1953 defines fraud as one of the vices of consent to a contract. *Gladney v. Anglo-Dutch Energy, L.L.C.* 280 So.3d 964, 974 (La.App. 3 Cir. 2019).

Mr. Stone maintains that he contests the validity of the August 16, 2018 contract to the extent that it does not reflect the agreed-upon $160,000 annual salary.[3] Defendant contends that Plaintiff has failed to allege fraud as a vice of consent, nor has Plaintiff sought

---

[3] Defendants complain that Mr. Stone has not specifically allege "fraud as a vice of consent." The Court notes that this case was removed from state court which permits fact pleading. Mr. Stone has alleged sufficient facts to assert a claim of fraud as a vice of consent.

to rescind the contract. Plaintiff asserts that he intended to plead fraud as a vice of consent, and will amend his petition accordingly, if necessary.

Defendants also maintain that Plaintiff's claim of detrimental reliance has prescribed because it is also delictual in nature and thus subject to the one-year prescriptive period. Plaintiffs argues that his claim sounds in contract. Detrimental reliance is a claim based on a contractual obligation and is codified in the Louisiana Civil Code under the law of "Conventional Obligations of Contracts." Louisiana Civil Code article 1967 provides in pertinent part:

> Cause is the reason why a party obligates himself.
>
> A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying.

A claim for detrimental reliance can sound in either contract of tort. *Keenan,* 575 F.3d at 487 (5th Cir. 2009). In *State of Louisiana v. Murphy Cormier General Contractors, Inc.,* 170 So.3d 370 (La. App. 3rd Cir. 2015), the court explained that "a promisor who lulls the promisee into a false sense of security that an action will be taken cannot avail itself of a claim of prescription." *Babkow v. Morris Bart, P.L.C.,* 726 So.3d 423 (La.App. 4th Cir. 1998); *Fontenot v. Houston Gen. Ins. Co.,* 467 So.2d 77 (La.App. 3rd Cir. 1985). In *Murphy*, the court held that "there need not be some formal written contract in place for the aggrieved party to recover for breach of the agreement." The Court finds that Mr. Stone's claims of detrimental reliance finds its basis in contract. Consequently, the ten-year prescriptive period applies.

## **CONCLUSION**

For the reasons set forth above, the Court finds that Mr. Stone's claims of fraud and detrimental reliance sound in contract and are subject to the ten-year prescriptive period. Accordingly, the motion to dismiss these claims based on prescription will be denied.

**THUS DONE AND SIGNED** in Chambers, on this 4th day of August, 2020.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**